# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

THEODORE W. SMITH, III,

    Petitioner,

-vs-

WARDEN, Southern Ohio Correctional Facility,

    Respondent.

:

:

:

Case No. 3:13-cv-065

District Judge Thomas M. Rose
Magistrate Judge Michael R. Merz

## REPORT AND RECOMMENDATIONS

This habeas corpus case, brought under 28 U.S.C. § 2254, is before the Court for initial review under Rule 4 of the Rules Governing § 2254. Petitioner has filed an Amended Petition which is legible enough for the Court to read and therefore to proceed.

Petitioner was convicted in the Montgomery County Common Pleas Court of kidnapping and unlawful restraint of Cassie Davis and kidnapping of Davis's son. He was sentenced to the fifteen-year sentence he is now serving in Respondent's custody. He appealed that conviction to the Ohio Second District Court of Appeals which affirmed. *State v. Smith,* 2012-Ohio-734, 2012 Ohio App. LEXIS 633 (Ohio App. 2nd Dist. Feb. 24, 2012). Smith attempted to obtain review in the Ohio Supreme Court, but that court declined to exercise jurisdiction. *State v. Smith*, 132 Ohio St. 3d 1409 (2012). Petitioner filed the instant case within one year of the Ohio Supreme Court's decision.

Smith pleads the following Grounds for Relief:

1

**Ground One:** Fatal variance between the indictment and evidence presented at trial.

**Supporting facts:** No weapon mentioned in state indictment: Count I kidnapping (Cassie Davis); Count IV kidnapping ([minor child's name redacted]): and or the unlawful restraint of Cassie Davis. No weapon specified in states bill of particulars as to Count I; Count IV; and or the unlawful restraint of Davis. Davis never mentioned a weapon to 911 operator, in her three (3) page statement, and or to police the day she made allegations. No weapon was taken from petitioner and no weapon was recovered from Davis' apartment the day she made allegations.

**Ground Two:** Multiple prosecution same evidence

**Supporting facts:** (as a pro se defendant) August 20, 2008 petitioner was acquitted of Count II aggravated robbery (deadly weapon) and petitioner was acquitted of kidnapping (Cassie Davis) Count III. On the basis of an out of court statement the petitioner was found guilty of Count I kidnapping (Cassie Davis); Count IV kidnapping (([minor child's name redacted]); and the unlawful restraint of Davis. These convictions were reversed (see State v. Smith 2d Dist. No. 22926—2010-Ohio-745). November 1, 2010 the state re-tried the petitioner for Count I kidnapping (Cassie Davis), Count IV kidnapping (([minor child's name redacted]); and the unlawful restraint of Davis. The State's second trial required the relitigation of factual issues already resolved by the first trial.

**Ground Three:** Prosecutorial misconduct

**Supporting facts:** (the state) relitigated prejudicial evidence that denied the petitioner a fair trial: evidence from acquitted Counts II aggravated robbery (deadly weapon) and Count III kidnapping (Cassie Davis) were relitigated at states second November 1, 2010 trial; Count I kidnapping (Cassie Davis); unlawful restraint of Cassie Davis; and Count IV kidnapping (([minor child's name redacted]).

**Ground Four**: Trial court abuse of discretion

S**upporting facts**: Allowed state to relitigate Count's II aggravated robbery (deadly weapon) and Count III kidnapping (Cassie Davis) over Defendant-Appellant-Petitioner's objections at state's November 2, 2010, re-trial of Petitioner for Count I kidnapping (Cassie Davis); the unlawful restraint of Cassie Davis; and Count IV kidnapping (([minor child's name redacted]).

2

> …
> **Ground Five**: Allied offenses crimes similar import
>
> **Supporting facts**: Petitioner was convicted of kidnapping Cassie Davis and the unlawful restraint of Cassie Davis. These are allied offenses of similar import.
>
> **Ground Six:** Void judgment/ Lack of subject matter jurisdiction
>
> **Supporting facts:** August 25, 2008, Petitioner acquitted of kidnapping states witness Cassie Davis. November 1, 2010, Petitioner re-tried the petitioner for kidnapping states witness Cassie Davis. Subsequent to the first trial the state lacked jurisdiction over the subject matter and or the Petitioner.

(Amended Petition, Doc. No. 4, PageID 49-56.)


### Analysis


### Ground One:  Variance


Smith was indicted for aggravated robbery with a deadly weapon, which was Count 1 of the Indictment.  He was acquitted of that charge in his first trial.  The original conviction was reversed for a violation of the Confrontation Clause and remanded for retrial on the charges on which there was an initial conviction, to wit, kidnapping of Cassie Davis and her son and unlawful restraint of Cassie Davis.  At the second trial, evidence of Smith's use of a knife in commission of the crime was introduced by the State.  In his first Ground for Relief, Smith claims that introducing evidence of his use of a knife created a fatal variance with the Indictment.

> **[\*P29]** All four of these arguments are based upon the fact that the State presented evidence that Smith utilized a knife during the commission of these offenses. Smith contends that the prosecutor

acted improperly in presenting the evidence of the knife and that the trial court abused its discretion by permitting the introduction of this evidence. He further contends that permitting the introduction of the evidence concerning the knife subjected him to double jeopardy in violation of his constitutional rights and created a fatal variance between the indictment and the evidence presented at trial. Smith's arguments are premised upon the fact that he was acquitted, during his first trial, of the charge of Aggravated Robbery with a Deadly Weapon. He claims that the State was therefore precluded from introducing any evidence of the knife at his second trial.

[*P30] In criminal prosecutions, a variance is a conflict or disagreement between the indictment and the proof in a matter essential to the charge. *State v. Brozich*, 108 Ohio St. 559, 1 Ohio Law Abs. 812, 2 Ohio Law Abs. 69, 141 N.E. 491 (1923), paragraph one of the syllabus. The evidence demonstrates that Smith used a knife during the commission of the crime. It was relevant to the issue of purpose and restraint. Crim.R. 33(E)(2) provides that no conviction shall be reversed because of "[a] variance between the allegations and the proof thereof, unless the defendant is misled or prejudiced thereby." The determination of whether a variance is prejudicial must be made on the facts of each case. *United States v. Mills*, 366 F.2d 512, 514 (6th Cir. 1966).

[*P31] We note that the indictments for the charges that were re-tried following remand did not contain information or language about a knife. The charge for Aggravated Robbery with a Deadly Weapon was the only portion of the indictment that mentioned a knife.

[*P32] In this case, the knife was not essential to prove the element of the offenses charged. It was merely evidence regarding the course of the events in question. The record shows that Davis, on the 911 tape, stated that Smith was going to "slit her throat." There is also evidence, from Davis's testimony, that Smith brandished a knife in front of her child when he sent Davis out of the apartment. While this evidence was relevant to demonstrate that Smith acted purposefully in holding the child hostage, proof specifically that a knife was used was not essential to prove the elements of the Kidnapping statute. Indeed, the mere fact that Smith kept the child under his control, regardless of whether he utilized a knife in doing so, allowed the jury to infer the element of purpose. Thus, we conclude that Smith was not prejudiced or misled by the introduction of the knife into evidence. Indeed, it is

> clear from the record that Smith was aware prior to trial that the State intended to utilize the knife as evidence.

*State v. Smith,* 2012 Ohio 734, ¶¶29-32. In other words, there would have been a fatal variance if proving the kidnapping or unlawful restraint charges had required proof of a deadly weapon but the Indictment had not included that element. The court of appeals held that those charges did not require proof of use of a knife, but that evidence was still relevant to show that the kidnapping had occurred.

The federal standard for evaluating a variance claim is taken from *Berger v. United States*, 295 U.S. 78 (1935):

> The true inquiry . . . is not whether there has been a variance in proof, but whether there has been such a variance as to "affect the substantial rights" of the accused. The general rule that allegations and proof must correspond is based upon the obvious requirements (1) that the accused shall be definitely informed as to the charges against him, so that he may be enabled to present his defense and not be taken by surprise by the evidence offered at the trial; and (2) that he may be protected against another prosecution for the same offense.

295 U.S. at 82. The Ohio law on variances cited by the Second District Court of Appeals is not inconsistent with *Berger*. Petitioner's First Ground for Relief is without merit and should be dismissed with prejudice.

## Ground Two: Double Jeopardy

In his Second Ground for Relief, Petitioner raises a double jeopardy claim, to wit, that he was tried multiple times on the same evidence. The Ohio court of appeals decided this claim as follows:

5

> **[\*P33]** We also conclude that Smith was not subjected to double jeopardy by the use of the knife evidence. Again, it was merely evidence regarding the course of the events. Smith was not re-tried on the charge of Aggravated Robbery with a Deadly Weapon. There was no additional charge or punishment that depended on proof that a knife was used in the commission of the offense.

*State v. Smith, supra,* ¶ 33.

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court.  28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. ___, 131 S. Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000).

The Double Jeopardy Clause of the Fifth Amendment was held to be applicable to the States through the Fourteenth Amendment in *Benton v. Maryland*, 395 U.S. 784, 794 (1969).  It affords a defendant three basic protections:

> It protects against a second prosecution for the same offense after acquittal.  It protects against a second prosecution for the same offense after conviction.  And it protects against multiple punishments for the same offense.

*Brown v. Ohio*, 432 U.S. 161, 165(1977), *quoting North Carolina v. Pearce*, 395 U.S. 711, 717 (1969).  But here the State did not reprosecute Smith on the charges of which he was acquitted in the first trial, principally aggravated robbery.  The offenses on which Smith was retried were instead the offenses of which he had been convicted.  Those convictions were vacated as a result of his successful first appeal, but the Double Jeopardy Clause does not prohibit retrial after a successful appeal unless the ground of appeal is that the State produced insufficient evidence.

*Tibbs v. Florida*, 457 U.S. 31, 39-40 (1982).  The court of appeals decision was neither contrary to nor an objectively unreasonable application of clearly established federal law.

### Ground Three:  Prosecutorial Misconduct

In his Third Ground for Relief, Petitioner asserts the prosecutor committed misconduct by introducing evidence at the second trial of Smith's use of a knife in committing the kidnapping offenses.

> **[*P34]** We turn to the claim that the prosecutor acted improperly by attempting to submit the evidence that a knife was used during the commission of the instant offenses and whether the trial court abused its discretion by allowing the knife into evidence. "The test for prosecutorial misconduct is whether [actions] were improper and, if so, whether they prejudicially affected substantial rights of the accused. The touchstone of analysis 'is the fairness of the trial, not the culpability of the prosecutor.'" (Citation omitted.) *State v. Jones*, 90 Ohio St.3d 403, 420, 2000 Ohio 187, 739 N.E.2d 300, quoting *Smith v. Phillips*, 455 U.S. 209, 219, 102 S.Ct. 940, 71 L.Ed. 2d 78 (1982). Our review of the record fails to disclose prosecutorial misconduct.

*State v. Smith, supra.,* ¶ 34.

On habeas corpus review, the standard to be applied to claims of prosecutorial misconduct is whether the conduct "so infected the trial with unfairness as to make the resulting conviction a denial of due process," *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974); *Darden v. Wainwright,* 477 U.S. 168, 181 (1986), *quoting*, *DeChrsitoforo, supra.*; *Wogenstahl v. Mitchell*, 668 F.3d 307, 327-328 (6th Cir. 2012), *citing Smith v. Mitchell,* 567 F.3d 246, 265 (6th Cir.); *Bates v. Bell*, 402 F.3d 635, 640-41 (6th Cir. 2005)(citations omitted); *Kincade v. Sparkman*, 175 F.3d 444, 445-46 (6th Cir. 1999)(citations omitted) or whether it was "so egregious as to render the entire trial fundamentally unfair." *Cook v. Bordenkircher*, 602 F.2d

117, 119 (6th Cir. 1979)(citations omitted); *accord Summitt v. Bordenkircher*, 608 F.2d 247, 253 (6th Cir. 1979), *aff'd sub nom*, *Watkins v. Sowders*, 449 U.S. 341 (1981)(citation omitted); *Stumbo v. Seabold*, 704 F.2d 910, 911 (6th Cir. 1983)(citation omitted).  The court must first decide whether the complained-of conduct was in fact improper. *Frazier v. Huffman*, 343 F.3d 780 (6th Cir. 2003), *citing United States v. Carter*, 236 F.3d 777, 783 (6th Cir. 2001).  A four-factor test is then applicable to any conduct the Court finds inappropriate: "(1) whether the conduct and remarks of the prosecutor tended to mislead the jury or prejudice the defendant; (2) whether the conduct or remarks were isolated or extensive; (3) whether the remarks were deliberately or accidentally made; and whether the evidence against the defendant was strong." *Id.*  The court must decide whether the prosecutor's statement likely had a bearing on the outcome of the trial in light of the strength of the competent proof of guilt. *Angel v. Overberg*, 682 F.2d 605, 608 (6th Cir. 1982).  The court must examine the fairness of the trial, not the culpability of the prosecutor. *Serra v. Michigan Department of Corrections,* 4 F.3d 1348, 1355 (6th Cir. 1993)(*quoting Smith v. Phillips*, 455 U.S. 209, 219 (1982). In *Serra*, the Sixth Circuit identified factors to be weighed in considering prosecutorial misconduct:

> In every case, we consider the degree to which the remarks complained of have a tendency to mislead the jury and to prejudice the accused; whether they are isolated or extensive; whether they were deliberately or accidentally placed before the jury, and the strength of the competent proof to establish the guilt of the accused.

*Id.,* at 1355-56, *quoting Angel v. Overberg*, 682 F.2d 605, 608 (6th Cir. 1982)(citation omitted). The misconduct must be so gross as probably to prejudice the defendant. *Prichett v. Pitcher*, 117 F.3d 959, 964 (6th Cir.), *cert. denied*, 522 U.S. 1001 (1997)(citation omitted); *United States v. Ashworth,* 836 F.2d 260, 267 (6th Cir. 1988).  Claims of prosecutorial misconduct are reviewed

8

deferentially on habeas review. *Thompkins v. Berghuis,* 547 F.3d 572 (6th Cir. 2008), rev'd on other grounds, __ U.S. __, 130 S.Ct. 2250 (2010), *citing Millender v. Adams*, 376 F.3d 520, 528 (6th Cir. 2004), *cert. denied,* 544 U.S. 921 (2005).

Because it was perfectly proper for the prosecutor to introduce use of the knife in evidence at the second trial, Smith's prosecutorial misconduct claim fails at the first step of the analysis: the prosecutor here committed no misconduct. Therefore the Third Ground for Relief should be dismissed with prejudice.

### Ground Four: Abuse of Discretion by the Trial Judge

In Ground Four Petitioner again attacks the admission of the use of knife evidence at the second trial, this time from the angle of the trial judge.

> \* \* \*
>
> Finally, "[t]he admission of evidence is within the discretion of the trial court. \* \* \* [T]hus the court's decision will be reversed only upon a showing of an abuse of discretion." (Citations omitted.) *Banford v. Aldrich Chem. Co., Inc*., 126 Ohio St.3d 210, 2010 Ohio 2470, 932 N.E.2d 313, ¶ 38. We find no abuse of discretion. The evidence demonstrates that Smith used a knife during the commission of the crime. It was relevant to the issues of purpose, force and threat.

*State v. Smith, supra,* at ¶ 34.

Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. §2254(a); *Wilson v. Corcoran,* 562 U.S. ___, 131 S. Ct. 13; 178 L. Ed. 2d 276 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is

limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."  *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).  Evidentiary questions generally do not rise to the constitutional level unless the error was so prejudicial as to deprive a defendant of a fair trial.  *Cooper v. Sowders*, 837 F.2d 284, 286 (6th Cir.1988);  *Walker v. Engle,* 703 F.2d 959, 962 (6th Cir. 1983);  *Bell v. Arn,* 536 F.2d 123 (6th Cir., 1976); *Burks v. Egeler*, 512 F.2d 221, 223 (6th Cir. 1975).

The court of appeals here held that admission of the use of knife evidence was not error in any way, so it could not have been an abuse of discretion for the trial judge to admit it and therefore no constitutional error was committed.  The Fourth Ground for Relief should therefore be dismissed with prejudice.

## Ground Five:  Allied Offense of Similar Import

In his Fifth Ground for Relief, Petitioner asserts that he has been convicted of and punished for allied offenses of similar import, to wit, both the kidnapping of an unlawful restraint of Cassie Davis.  This was Smith's Fifth Assignment of Error on appeal.  The court of appeals decided the claim as follows:

> **[*P15]** Smith contends that the trial court erred by failing to merge all of the offenses for purposes of sentencing because "all of the offenses arose out of the same alleged criminal transaction," and are therefore allied offenses of similar import.
>
> **[*P16]** A defendant may be found guilty of, and convicted of, multiple allied offenses of similar import so long as he is sentenced upon only one of them. In *State v. Johnson*, 128 Ohio St.3d 153, 2010 Ohio 6314, 942 N.E.2d 1061, the Ohio Supreme Court recently revised its allied-offense jurisprudence. The *Johnson* court stated that "[w]hen determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25,

10

the conduct of the accused must be considered." Id. at syllabus.

**[*P17]** Under *Johnson*, "[w]e determine the General Assembly's intent by applying R.C. 2941.25, which expressly instructs courts to consider the offenses at issue in light of the defendant's conduct." Id. at ¶ 46. In determining whether offenses are allied offenses of similar import under R.C. 2941.25(A), the question is whether it is possible to commit one offense *and* commit the other with the same conduct, not whether it is possible to commit one *without* committing the other." (Citation omitted.) Id. at ¶ 48. "If the offenses correspond to such a degree that the conduct of the defendant constituting commission of one offense constitutes commission of the other, then the offenses are of similar import." Id.

**[*P18]** "If the multiple offenses can be committed by the same conduct, then the court must determine whether the offenses were committed by the same conduct, i.e., 'a single act, committed with a single state of mind.'" Id. at ¶ 49, quoting *State v. Brown*, 119 Ohio St.3d 447, 2008 Ohio 4569, 895 N.E.2d 149, ¶ 50. "If the answer to both questions is yes, then the offenses are allied **[**9]** offenses of similar import and will be merged." *Johnson* at ¶ 50. "Conversely, if the court determines that the commission of one offense will *never* result in the commission of the other, or if the offenses are committed separately, or if the defendant has separate animus for each offense, then, according to R .C. 2941.25(B), the offenses will not merge." Id. at ¶ 51 (emphasis in original).

**[*P19]** We have recognized that [HN4] separate convictions and sentences are permitted when a defendant's conduct results in multiple victims. *See, e.g., State v. Skaggs*, 2d Dist. Clark App. No. 10-CA-26, 2010 Ohio 5390. As a result, it was permissible for Smith to be convicted and sentenced separately for the offenses he committed against each victim.

**[*P20]** R.C. 2905.01 proscribes the offense of Kidnapping. That statute provides:

> (A) No person, by force, threat, or deception, or, in the case of a victim under the age of thirteen or mentally incompetent, by any means, shall remove another from the place where the other person is found or restrain the liberty of the other person, for any of the following purposes:
> 
> (1) To hold for ransom, or as a shield or hostage;

11

> \* \* \*
>
>> (3) To terrorize, or to inflict serious physical harm on the victim or another.

**[\*P21]** The *mens rea* for R.C. 2905.01 offenses is "purposefully," which is defined by R.C. 2901.22(A) as follows:

**[\*P22]** "A person acts purposely when it is his specific intention to cause a certain result, or, when the gist of the offense is a prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby, it is his specific intention to engage in conduct of that nature."

**[\*P23]** Unlawful Restraint is defined in R.C. 2905.03, which states that "no person without privilege to do so, shall knowingly restrain another of the other person's liberty." "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." R.C. 2901.22(B).

**[\*P24]** In this case, Smith's conduct was directed at two separate victims. Smith dragged Davis from her bedroom to her living room. Then he ordered her to retrieve her child from the bedroom. He next forced Davis to leave the apartment while he retained custody of the child while brandishing a knife. Then, after Davis returned to the apartment, he continued to restrain her and the child until the police arrived. All of these actions were committed over the course of approximately three hours, during which time he threatened Davis and the child with harm.

**[\*P25]** The act of dragging Davis from one room to another and holding her while threatening her over the course of three hours satisfies the elements of R.C. 2905.01(A)(3). Likewise, Smith's act of retaining the child while Davis was forced to leave the apartment satisfies the elements of R.C. 2905.01(A)(1). Since this conduct involves two separate victims, we conclude that the two Kidnapping convictions do not constitute allied offenses of similar import. In reaching this conclusion, we find no arguable merit to the contrary proposition.

**[\*P26]** Smith was also convicted of Unlawful Restraint with

> regard to Davis. However with regard to that conviction he was sentenced to time served. Therefore, even if the trial court should have merged the Unlawful Restraint sentence with the Kidnapping sentence pertaining to Davis, the actual prison sentence for that offense - time served - has by definition already been served. Therefore, we cannot provide Smith any meaningful relief as to that sentence, and this issue is therefore moot.
>
> **[*P27]** Smith's Fifth Assignment of Error has no arguable merit.

*State v. Smith, supra,* ¶¶ 15-27.

In his pleading of this Ground for Relief, Petitioner does not assert any federal constitutional violation. It is also clear that he did not argue this claim as a federal constitutional violation before the state courts and that the court of appeals decided it solely as a state law question. Ohio Revised Code § 2941.25, which prohibits multiple convictions of offenses of allied import committed with the same animus, addresses some of the same concerns addressed by the Double Jeopardy Clause, but that does not make Ohio Revised Code § 2941.25 a part of federal law.

Petitioner's Fifth Ground for Relief is not cognizable in federal habeas corpus and should be dismissed with prejudice.

## Ground Six:  Lack of Jurisdiction

In his Sixth Ground for Relief, Petitioner asserts the judgment of conviction is void for lack of jurisdiction. Smith admits he has not submitted this claim to the state courts because, he says, he believed such a claim was "exclusive to a federal habeas corpus petition." (Amended Petition, Doc. No. 4, PageID 57.)  That belief is in error; the Ohio courts would certainly have had jurisdiction to decide if they could have proceeded to trial the second time. Therefore the

Sixth Ground for Relief is not exhausted. However, the claim can be denied on the merits despite lack of exhaustion. 28 U.S.C. § 2254(b)(2).

The Sixth Ground for Relief is without merit. The offenses on which Smith was tried are felony offenses occurring in Montgomery County, Ohio. The Montgomery County Common Pleas Court has exclusive subject matter jurisdiction to try such offenses. The fact that they had been tried before did not deprive that court of jurisdiction after the court of appeals vacated the first set of convictions.

Petitioner's Sixth Ground for Relief should be dismissed with prejudice.

## Conclusion

Based on the foregoing analysis, it is respectfully recommended that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively unreasonable and should not be permitted to proceed *in forma pauperis*.

March 20, 2013.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report

and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).