# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

THEODORE W. SMITH, III,

:

    Petitioner,

Case No. 3:13-cv-065

:

   -vs-

District Judge Thomas M. Rose
Magistrate Judge Michael R. Merz

WARDEN, Southern Ohio Correctional
 Facility,

:

    Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This case is before the Court on Petitioner's Objections (Doc. No. 6) to the Magistrate Judge's Report and Recommendations (Doc. No. 5). District Judge Rose has recommitted the case to the Magistrate Judge for a supplemental report in light of the Objections (Doc. No. 7).

Petitioner was indicted by the Montgomery County Grand Jury on four counts for offenses against Cassie Davis. The relevant procedural history is recited by the Second District Court of Appeals as follows:

> **[\*P10]** Smith was indicted on one count of Kidnapping in violation of R.C. 2905.01(A)(3) — Count I; one count of Kidnaping to facilitate the offense of Aggravated Robbery in violation of R.C. 2905.01(A)(2) — Count II; one count of Aggravated Robbery with a Deadly Weapon in violation of R.C. 2913.01(K) and 2911.01(A)(1) — Count III; and one count of Kidnapping, Hold for Ransom of a Person Under the Age of Thirteen, in violation of R.C. 2905.01(A)(1) - Count IV. Following a jury trial, Smith was convicted on counts I and IV. He was found not guilty on Count II, but was convicted on the lesser-included offense of Unlawful Restraint. Finally, he was found not guilty on Count III. Davis did not appear for that trial.

1

> **[*P11]** Smith appealed that conviction and sentence. This court reversed the conviction, holding that the State "failed to demonstrate that it had exerted reasonable efforts to secure Davis's appearance at trial," and that the trial court therefore erred by permitting the introduction of her testimony taken during a prior parole hearing held regarding Smith. See, *State v. Smith*, 2d Dist. Montgomery No. 22926, 2010 Ohio 745. The matter was remanded for further proceedings. *Id.*
>
> **[*P12]** On remand, Smith was re-tried on two Kidnaping and one Unlawful Restraint charges. Smith elected to represent himself at trial. Stand-by counsel was appointed. Smith was convicted on all three charges and was sentenced to prison terms of nine years on Count IV and six years on Count I, with the sentences to be served consecutively to each other, for a total of fifteen years. Smith was sentenced to 59 days on Count II, and was credited for time served, which exceeded 59 days. He was also classified as a "Tier 2 sex offender/child victim offender," with regard to Count IV.

*State v. Smith*, 2012 Ohio 734, ¶¶ 10-12, 2012 Ohio App. LEXIS 633 (Ohio App. 2nd Dist. Feb. 24, 2012).

### First Four Grounds for Relief:  The Admission of the Knife in Evidence

The indictment charged in Count II that Smith committed aggravated robbery with a deadly weapon – a kitchen knife. The jury acquitted him on that charge. Of course, the jury's acquittal is final and the aggravated robbery charge was never again before any court. However, the knife was again introduced in evidence at the second trial, not to prove aggravated robbery, but as part of the evidence on the remanded charges.

In his first four Grounds for Relief, Smith complains of the admission of the knife in evidence at the second trial. The First Ground for Relief alleges a fatal variance between the Indictment and the proof in that the Indictment does not mention the knife (or any deadly weapon) in any count except Count II. The Second Ground for Relief claims a Double Jeopardy

violation for admitting the knife after the aggravated robbery acquittal. The Third and Fourth Grounds for Relief allege prosecutorial misconduct and judicial abuse of discretion for admitting the knife.

Smith attributes more significance to the aggravated robbery acquittal than it is entitled to as a matter of law. He raised all four of these issues *pro se* on his second appeal.[1] On the variance issue, the Second District Court of Appeals held, because a kidnapping charge does not require proof of use of a deadly weapon under Ohio law, there was no variance between the Indictment and the proof. *State v. Smith, supra*, ¶¶ 30-32. On the Double Jeopardy claim, it noted that Smith was not re-tried on the aggravated robbery charge. *Id.* at ¶ 33. It found no prosecutorial misconduct or abuse of judicial discretion in admitting the knife because it was relevant to show how the remanded offenses were committed. *Id.* at ¶ 34.

The original Report concludes that the Second District's decisions on these four assignments of error are not objectively unreasonable applications of clearly established Supreme Court precedent.

Regarding Ground One, the appropriate standard for evaluating a variance claim is taken from *Berger v. United States*, 295 U.S. 78 (1935):

> The true inquiry . . . is not whether there has been a variance in proof, but whether there has been such a variance as to "affect the substantial rights" of the accused. The general rule that allegations and proof must correspond is based upon the obvious requirements (1) that the accused shall be definitely informed as to the charges against him, so that he may be enabled to present his defense and not be taken by surprise by the evidence offered at the trial; and (2) that he may be protected against another prosecution for the same offense.

295 U.S. at 82. An indictment is not required to contain notice of all the evidence to be presented

---

[1] Smith was appointed counsel for his second appeal, but counsel filed an *Anders* brief and Smith proceeded *pro se*. *State v. Smith, supra*, ¶ 1.

3

at trial, but merely of the charges with sufficient definiteness that a defendant can properly defend. There was no requirement to include the knife in the indictment as to the charges other than aggravated robbery because none of them contains an element of use of a deadly weapon.

Mr. Smith's Second Ground for Relief is even further from showing a federal constitutional violation. An acquittal such as he received on the aggravated robbery charge permanently prevents the State from retrying him on that charge, but no precedent known to this Court extends the Double Jeopardy bar to prevent evidence used on an acquitted count from being used on retrial of other counts. Mr. Smith cannot colorably claim surprise as evidence regarding the knife was introduced in the first trial, so he plainly knew of its existence as possible evidence.[2]

Smith argues (Objections, Doc. No. 6, PageID 83) that admission of the knife is barred by the extension of double jeopardy to embrace collateral estoppel, adopted by the Supreme Court in *Ashe v. Swenson*, 397 U.S. 436 (1970). There the Court held that the Double Jeopardy Clause forbids retrial of an issue of fact conclusively determined in a prior trial.

In *Yeager v. United States*, 557 U.S. 110 (2009), the Supreme Court applied *Ashe* to a case where there were some acquittals and some counts on which the jury hung. The Court held that the hung counts were not to be considered in a Double Jeopardy analysis, but that the lower courts must consider whether the acquittals necessarily decided a critical issue of ultimate fact in favor of the defendant. In this case, the jury's acquittal on the aggravated robbery charge is completely opaque: it merely finds Smith not guilty, but its reasonable doubt could have been on any of the elements of the aggravated robbery charge, because reasonable doubt on any element would have prevented conviction. The Second District Court of Appeals' decision on the

---

[2] Smith makes the claim in his Objections that he was "unprepared to meet a kitchen knife" on re-trial (PageID 81), but he claims that is because the Indictment did not include a knife in the re-tried counts. Factually, he certainly knew the State had the knife and had used it at the first trial.

Double Jeopardy claim is not an objectively unreasonable application of *Ashe* or *Yeager*.

Mr. Smith's Third and Fourth Grounds for Relief are also without any merit. It cannot be prosecutorial misconduct to offer evidence which is relevant, and the Second District found the knife evidence was relevant to show purpose, force, and threat. *State v. Smith, supra,* ¶ 34. And it cannot be an abuse of judicial discretion to admit probative relevant evidence.

Smith's first four Grounds for Relief are without merit because the court of appeals' decision on the cognate assignments of error is not an objectively unreasonable application of clearly established Supreme Court precedent.

**Fifth Ground for Relief: Allied Offenses of Similar Import**

In his Fifth Ground for Relief, Mr. Smith complains that he was convicted of both kidnapping Cassie Davis and unlawful restraint of Cassie Davis which he says are allied offenses of similar import on which only one conviction can stand under Ohio Revised Code § 2941.25. In the original Report, the Magistrate Judge recommended dismissing this claim because it was pled only under state law and habeas corpus is available only to correct convictions in violation of federal constitutional law (Report, Doc. No. 5, PageID 74.)

In his Objections, Smith reargues this claim as a Double Jeopardy claim (Objections, Doc. No. 6, PageID 89). He did not make that claim in his Amended Petition (See doc. No. 4, PageID 56) and cannot effectively "amend" his Petition by an argument on a different basis in Objections. Smith has made no response to the original recommendation that this claim as pled does not raise a federal constitutional claim.

The claim also should be dismissed if considered as a Double Jeopardy claim. Smith was

indicted on two counts of kidnapping Cassie Davis, one in violation of Ohio Revised Code § 2905.01(A)(3) (Count One) and one in violation of Ohio Revised Code § 2905.01(A)(2) (Count Two). *State v. Smith, supra*, ¶ 10. He was found guilty on Count One and guilty of the lesser included offense of unlawful restraint on Count Two. Although he now complains that it violated the Double Jeopardy Clause to convict him on both counts, he never made that argument to the Second District Court of Appeals or, so far as he has shown, to any other Ohio court. Because he has exhausted the remedies available to him under Ohio law with respect to this conviction, he cannot now raise that claim in the Ohio courts. He has thus procedurally defaulted on the claim and cannot obtain a merit decision in federal habeas. *Wainwright v. Sykes*, 433 U.S. 72 (1977).

## Ground Six: Void Judgment Because of Lack of Subject Matter Jurisdiction

In his Sixth Ground for Relief Smith claims his conviction is void for lack of subject matter jurisdiction in the trial court which convicted and sentenced him, the Montgomery County Common Pleas Court. In the original Report, the Magistrate Judge recommended dismissal on the merits, despite lack of exhaustion, because the offenses on which Smith was convicted are felony offenses of which Ohio Common Pleas courts have original jurisdiction (Report, Doc. No. 5, PageID 75).

In his Objections, Smith reiterates that his claim is that he was re-tried for the kidnapping of Cassie Davis and the trial court lacked jurisdiction to conduct such a re-trial (Objections, Doc. No. 6, PageID 90). Smith does not explain why there was a lack of subject matter jurisdiction. The counts which were retried were the two kidnapping counts and the unlawful restraint count

6

on which he had been initially convicted. *State v. Smith, supra,* ¶ 12. Smith himself had sought re-trial by appealing from his initial convictions on those charges: his only assignment of error on his first appeal was that Cassie Davis' testimony against him had been admitted in violation of his Confrontation Clause rights, not that there was insufficient evidence to convict. *State v. Smith,* 2010 Ohio 745 ¶ 3, 2010 Ohio App. LEXIS 609 (Ohio App. 2nd Dist. Feb. 26, 2010). While the Double Jeopardy Clause will prevent retrial on charges on which there has been an acquittal or an appellate finding of insufficient evidence, it does not prevent retrial when the reversal is for improper admission of evidence. See *Tibbs v. Florida*, 457 U.S. 31, 41 (1982).

## Conclusion

Having reconsidered the case in light of Mr. Smith's Objections, the Magistrate Judge again respectfully recommends that the Petition herein be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would not be taken in objective good faith.

April 22, 2013.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report

and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).